IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SPORT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.:  08-cv-01250 (RJL) |
| v. | ) |
| | ) |
| JORDAN CAPPOLLA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**ANSWER OF DEFENDANTS WILBERT WASHINGTON, II, ESQUIRE
AND CHADWICK WASHINGTON MORIARTY ELMORE & BUNN, P.C.
TO PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES**

In accordance with Federal Rule of Civil Procedure 12, the defendants, Wilbert

Washington, II, Esquire and Chadwick, Washington Moriarty Elmore & Bunn, P.C. (hereinafter

the "Washington defendants"), by and through their attorneys, JORDAN, COYNE & SAVITS,

L.L.P. and Deborah Murrell Whelihan, answer the plaintiff's Verified Complaint For Damages

and state as follows:

FIRST DEFENSE

The Washington defendants aver that any and all allegations not affirmatively admitted

herein are denied.  Answering the enumerated paragraphs of the Complaint, the Washington

defendants state as follows:

1.      As to paragraphs 1 through 7 of the first untitled section of the Complaint, the

Washington defendants are not required to answer the averments of those paragraphs as those

averments are legal conclusions regarding the residence and domiciles of the parties and

regarding the alleged bases for jurisdiction and venue.  However, with respect to those averments of those paragraphs, the Washington defendants admit that they understand that the plaintiff resides in Florida, that they understand that the defendant, Jordan Cappolla ("Cappolla"), resides in the District of Columbia, that Mr. Washington resides in Virginia, and that Mr. Washington is licensed to practice in the District of Columbia and before this Court.

2.     As to the paragraph numbered 8 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding all of the negotiations between the defendant Cappolla and the plaintiff but admits that they understood that the defendant Cappolla and the plaintiff had prolonged negotiations regarding the sale of the defendant Cappolla's interests in JC, LLC.

3.     As to the paragraph numbered 9 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants admit that they represented the defendant Cappolla in the negotiation of and preparation of the Contract of Sale for the sale of the defendant Cappolla's interests in JC, LLC.

4.     As to the paragraph numbered 10 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants admit that it is their understanding that, during the negotiations and in February of 2008, the defendant Cappolla believed that there were no pending liens as to JC, LLC and that there was a valid lease for the premises occupied by the business operated by JC, LLC, but the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments regarding the representations alleged to have been made by the defendant Cappolla to the plaintiff and "his

2

agents."

    5.    As to the paragraph numbered 11 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants admit that they relayed the information that their client, John Cappolla, authorized them to communicate to the plaintiff and that it was their client's understanding that, during the negotiations and in February of 2008, there were no pending liens as to JC, LLC and that there was a valid lease for the premises occupied by the business operated by JC, LLC.  The Washington defendants deny that they made any independent representations to the plaintiff and "his agents" about the business assets of JC, LLC or its leasehold interests or that they in any way prevented the plaintiff from engaging in any due diligence investigation regarding his purchase of the interests held by the defendant Cappolla.

    6.    As to the paragraph numbered 12 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks for itself, but admit that the plaintiff agreed to purchase the interests in JC, LLC held by their client, Jordan Cappolla, for the terms set forth in the Contract of Sale dated February 6, 2008, which included payments that totaled $300,000 and the transfer of ownership in the property described as a 2002 Porsche.  The Washington defendants deny that they made any independent representations to the plaintiff and "his agents" upon which the plaintiff could or should rely regarding his voluntary and independent decision to purchase the interests held by the defendant Cappolla.

    7.    As to the paragraph numbered 13 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks

for itself, but admit that it is their understanding that the plaintiff and the defendant Cappolla executed the Contract of Sale on or about February 6, 2008.

8.    As to the paragraph numbered 14 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks for itself, but admit that the Contract of Sale provides that the defendant Cappolla shall convey 49% ownership of JC, LLC upon the deposit of the first installment of the purchase price of $100,000.00 by wire transfer into the account of defendant Cappolla and provides that the defendant Cappolla shall convey the remaining 51% upon wire transfer into the account of defendant Cappolla of the remaining payments and upon transfer of ownership of the 2002 Porsche 911.

9.    As to the paragraph numbered 15 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks for itself and are without knowledge or information sufficient to form a belief as to the truth of the averment regarding the payment of the first installment of the purchase price of $100,000.00 by wire transfer into the account of defendant Cappolla.  The Washington defendants deny the averment that Mr. Washington gave any instructions to the plaintiff about his payment obligations other than to facilitate the requirements of the Contract of Sale.

10.    As to the paragraph numbered 16 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants deny the averments of this paragraph and deny that he was required to hold any payments in escrow under the executed Contract of Sale.

11.    As to the paragraph numbered 17 of the second section, entitled "Factual

4

Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks for itself, but admit to their understanding from the Contract of Sale that the defendant Cappolla was to convey 49% of his ownership interests in JC, LLC to plaintiff upon receipt of the wire transfer of the first installment of $100,000.00.

12.    As to the paragraph numbered 18 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants deny the averments of this paragraph.

13.    As to the paragraph numbered 19 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants deny the averments of this paragraph and deny any obligation so implied in this paragraph.

14.    As to the paragraph numbered 20 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

15.    As to the paragraph numbered 21 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, but deny the failure averred and obligation implied as to Mr. Washington.

16.    As to the paragraph numbered 22 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averment of this paragraph regarding the plaintiff's tender of the payment that he owed to the defendant Cappolla and that they made any representations to the plaintiff upon which he could rely and deny that they made any

warranties to the plaintiff.

17.    As to the paragraph numbered 23 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants deny the averments of this paragraph and deny any obligation that they were to escrow any payments made by the plaintiff under the Contract of Sale.

18.    As to the paragraph numbered 24 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

19.    As to the paragraph numbered 25 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks for itself and they are not required to respond to the averments of this paragraph.  The Washington defendants admit that Mr. Washington, on behalf of the defendant Cappolla, prepared the Contract of Sale.

20.    As to the paragraph numbered 26 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the Contract of Sale speaks for itself and they are not required to respond to the averments of this paragraph.

21.    As to the paragraph numbered 27 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, but deny any averments regarding representations made by them.

22.    As to the paragraph numbered 28 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments of this paragraph, but deny any averments regarding their personal knowledge of liens and legal impediments during the negotiations and prior to the execution of the Contract of Sale. The Washington Defendants deny that they made any false representations to the plaintiff as averred in this paragraph.

23.    As to the paragraph numbered 29 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

24.    As to the paragraph numbered 30 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants admit to receipt of correspondence from the plaintiff, which correspondence speaks for itself, and, thus, this paragraph does not require a response from the Washington defendants.

25.    As to the paragraph numbered 31 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants aver that the pleadings filed in the civil action speak for themselves. To the extent that this paragraph refers to legal conclusions, it does not require a response from the Washington Defendants.

26.    As to the paragraph numbered 32 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants admit that it represented the defendant Cappolla in the lease dispute involving JC, LLC and deny the remaining averments of this paragraph.

27.    As to the paragraph numbered 33 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants admit to receipt of correspondence from the plaintiff, which correspondence speaks for itself, and, thus, this paragraph does not

7

require a response from the Washington defendants.

28.    As to the paragraph numbered 34 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are not required to respond to the averments contained therein because this paragraph refers to legal conclusions, but admit that eventually a judgment was entered in favor of JC, LLC's landlord.

29.    As to the paragraph numbered 35 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

30.    As to the paragraph numbered 36 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are not required to respond to the averments contained therein because this paragraph refers to legal conclusions.

31.    As to the paragraph numbered 37 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

32.    As to the paragraph numbered 38 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants deny the implied obligation to escrow monies that were to be paid directly by the plaintiff to the defendant Cappolla and deny the remaining averments of this paragraph.

33.    As to the paragraph numbered 39 of the second section, entitled "Factual Background," of the Complaint, the Washington defendants deny the averments of this paragraph the Washington defendants are not required to respond to the averments contained therein because this paragraph refers to legal conclusions.

8

34.     In answer to the paragraph 40 of Count One, the Washington defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, those numbered 1 through 39, notwithstanding that they are not required to respond to the allegations of the claim made Count One since it is not filed against them.

35.     In answer to the paragraphs numbered 41 through 42 of Count One, the Washington defendants are not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiff's claims.

36.     In answer to the paragraph 43 of Count Two, the Washington defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, those numbered 1 through 42, notwithstanding that they are not required to respond to the allegations of the claim made Count Two since it is not filed against them.

37.     In answer to the paragraphs numbered 43 through 45 of Count Two, the Washington defendants are not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiff's claims.

38.     In answer to the paragraph 46 of Count Three, the Washington defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, those numbered 1 through 45.

39.     In answer to the paragraphs numbered 47 through 65 of Count Three, the Washington defendants are not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiff's claims, except that they deny any knowledge of false representations made by their client, deny any alleged acts of fraud, and deny that the plaintiff acted reasonably or in justifiable reliance upon any communications made

9

by them as the attorneys for the disclosed principal, defendant Cappolla.

40.    In answer to the paragraph 66 of Count Four, the Washington defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, those numbered 1 through 65.

41.    In answer to the paragraphs numbered 67 through 74 of Count Four, the Washington defendants are not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiff's claims, except that they deny any knowledge of false representations made by their client, deny any alleged acts of fraud and misrepresentation, and deny that the plaintiff acted reasonably or in any justifiable reliance upon any communications made by them as the attorneys for the disclosed principal, defendant Cappolla.

42.    In answer to the paragraph 75 of Count Five, the Washington defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding paragraphs, those numbered 1 through 74.

43.    In answer to the paragraphs numbered 76 through 82 of Count Five, the Washington defendants are not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiff's claims, except that they deny that they breached any duties claimed to be owed to the plaintiff as the attorneys for the disclosed principal, defendant Cappolla, and they deny that the plaintiff has any basis for the claims made against them.

44.    In answer to the paragraph 83 of Count Six, the Washington defendants adopt and incorporate by reference their answers and responses to the allegations made in the preceding

paragraphs, those numbered 1 through 81.

45.     In answer to the paragraphs numbered 84 through 92 of Count Six, the Washington defendants are not required to answer the remaining averments of those paragraphs as those averments are legal conclusions regarding the plaintiff's claims, except that they deny that they breached any fiduciary duties claimed to be owed to the plaintiff as the attorneys for the disclosed principal, defendant Cappolla, and they deny that the plaintiff has any basis for the claims made against them.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the plaintiff against the Washington defendants.  The plaintiff lacks standing to sue the Washington Defendants and lacks any substantial justification.

## THIRD DEFENSE

The Washington defendants deny that they committed any acts of fraud and acts of misrepresentation and deny that they breached any fiduciary duties claimed to be owed to the plaintiff.

## FOURTH DEFENSE

The Washington defendants deny that they was negligent and aver that they acted with the degree of care and skill that reasonably competent attorneys acting in similar circumstances would use and that he breached no duties owed to the plaintiff.

## FIFTH DEFENSE

The Washington defendants alleges that the injuries, losses, and damages, if any, claimed by the plaintiff were caused by his failure to engage in a proper investigation of the interests

being sold by the defendant Cappolla and by his failure to exercise proper and reasonable due diligence.

SIXTH DEFENSE

The Complaint is barred by the doctrine of judgmental immunity.

SEVENTH DEFENSE

The Complaint is barred by the scope of the Contract of Sale between the plaintiff and the defendant Cappolla.  Additionally, the Washington defendants allege cumulatively, or in the alternative, that Complaint is barred by the Statute of Frauds and the Parol Evidence Rule.

EIGHTH DEFENSE

The Washington defendants allege that the Complaint is barred by the plaintiff's Contributory Negligence or sole negligence.

NINTH DEFENSE

The Washington defendants allege that the injuries, losses, and damages, if any, claimed by the plaintiff were caused by the plaintiff's Assumption of the Risk.

TENTH DEFENSE

The Washington defendants allege that there has been a failure by the plaintiff to mitigate any of his alleged damages.

ELEVENTH DEFENSE

The Washington defendants allege cumulatively, or in the alternative, that Complaint is barred by the doctrines of waiver, estoppel, and ratification.

TWELFTH DEFENSE

The Washington defendants allege cumulatively, or in the alternative, that Complaint is

barred by the doctrines of merger and integration.

THIRTEENTH DEFENSE

The Washington defendant contend that the plaintiff's claims for punitive damages are limited by law and barred by the absence of actual malice or reckless disregard on their part.

FOURTEENTH DEFENSE

The Washington defendants have no information or knowledge to form a belief as to the truth of the plaintiff's alleged damages, injuries, and/or losses as to set forth in the Complaint, and, accordingly, deny the same and demand strict proof thereof.

WHEREFORE, having fully answered the plaintiffs' Complaint, the defendant,the defendants, Wilbert Washington, II, Esquire and Chadwick, Washington Moriarty Elmore & Bunn, P.C., request that the Complaint be dismissed with prejudice and that appropriate costs be awarded in their favor against the plaintiff.

Respectfully submitted,

JORDAN, COYNE & SAVITS, L.L.P.


By: /s/  **_Deborah Murrell Whelihan_**
 Deborah Murrell Whelihan #412454
 1100 Connecticut Avenue, N.W.
 Suite 600
 Washington, D.C.  20036
 telephone:  (202) 296-4747
 Facsimile:  (202) 496-2800
 Email:      d.whelihan@jocs-law.com
Attorneys for Defendants Wilbert Washington, II, Esquire and Chadwick, Washington Moriarty Elmore & Bunn, P.C.

13

## CERTIFICATE OF SERVICE

I hereby certify that a true copies of the foregoing Answer of Defendants Wilbert

Washington, II, Esquire and Chadwick, Washington Moriarty Elmore & Bunn, P.C. to Plaintiff's

Verified Complaint For Damages were sent electronically, through ECF, on this 13th day of

August, 2008, to:

>James M. Loots, Esquire
>Law Offices of James M. Loots, P.C.
>236 Massachusetts Ave., NE #204
>Washington, D.C.  20002;

and mailed, postage prepaid, on this 13th day of August, 2008, to:

>Mr. Jordan Cappolla
>820 E Street SE
>Washington, D.C. 20003

>/s/ ***Deborah Murrell Whelihan***
>Deborah Murrell Whelihan