UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM SPORT            :
                         :
        Plaintiff,       :
                         :
v.                       :
                         :   Civil Case No. 08cv1250(RJL)
JORDAN CAPPOLLA, ET AL., :
                         :
        Defendants.      :
                         :
                         :
                         :

ANSWER OF DEFENDANT JORDAN CAPPOLLA

Comes now defendant Jordan Cappolla, through undersigned counsel, and, in answer to the Complaint herein, states as follow:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff, by his conduct, is estopped from seeking the relief demanded herein.

THIRD DEFENSE

Plaintiff has received in all material respects the benefit of the bargain between the parties.

FOURTH DEFENSE

Defendant answers the numbered paragraphs of the Complaint as follows. Any allegation of the Complaint not specifically admitted herein is denied:

1. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph numbered 1 of the Complaint.

2. In response to Paragraph numbered 2 of the Complaint, this defendant states that he is a resident of the Commonwealth of Virginia.

3. The allegations of Paragraph numbered 3 of the Complaint do not pertain to this defendant and, accordingly, no response by this defendant is required.

4. The allegations of Paragraph numbered 4 of the Complaint do not pertain to this defendant and, accordingly, no response by this defendant is required.

5. The allegations of Paragraph numbered 5 of the Complaint are admitted, except that this defendant states that plaintiff became a member of JC, LLC during the course of the parties' dealings.

6. Defendant admits the subject matter jurisdiction of the Court.

7. Defendant admits that venue in this District is appropriate.

8. The allegations of Paragraph numbered 8 of the Complaint are admitted.

9. The allegations of Paragraph numbered 9 of the Complaint are admitted.

10. Defendant denies the allegations of Paragraph numbered 10 of the Complaint.

11. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph numbered 11 of the Complaint. To the extent that defendant Washington made any such representations, the same were made without this defendant's knowledge or consent.

12. This defendant admits that agreement was reached to sell assets of JC, LLC in consideration of payment of $300,000.00 plus transfer of title to an automobile. Defendant denies that plaintiff's agreement in this regard was made in reliance upon representations which this defendant did not make.

13. This defendant admits execution of a written instrument on or about February 6, 2008.

14. This defendant states that the subject instrument speaks for itself.

15. This defendant admits receipt by JC, LLC of the sum of $100,000.00 on or about February 6, 2008.

16. This defendant admits receipt by JC, LLC of the sum of $100,000.00 on or about February 6, 2008.

17. This defendant states that the subject instrument speaks for itself.

18. This defendant states that the subject instrument speaks for itself.

19. The allegations of Paragraph numbered 19 of the Complaint are denied.

20. The allegations of Paragraph numbered 20 of the Complaint are denied.

21. This defendant denies that he concealed from plaintiff relevant or material matters at any time during the course of the parties' dealings.

22. This defendant admits receipt by JC, LLC of the sum of $100,000.00 on or about March 6, 2008.

23. This defendant admits receipt by JC, LLC of the sum of $100,000.00 on or about March 6, 2008.

24. The allegations of Paragraph numbered 24 of the Complaint are denied.

25. This defendant states that the subject instrument speaks for itself.

26. This defendant states that the subject instrument speaks for itself.

27. This defendant admits that plaintiff expended funds for renovation of the premises housing the subject business. This defendant denies that plaintiff paid monies to vendors or the landlord on behalf of JC, LLC. This defendant is without knowledge or information sufficient to form a belief as to plaintiff's state of mind.

28. This defendant denies that he concealed from plaintiff relevant or material matters at any time during the course of the parties' dealings.

29. This defendant acknowledges that JC, LLC was indebted at relevant times to the District of Columbia for sales taxes, but denies knowledge at relevant times that such indebtedness constituted a "lien" or an insurmountable obstacle to consummation of the transaction between plaintiff and defendant. This defendant acknowledges the existence of legal proceedings regarding possession of the subject business premises, but denies belief at relevant times that such proceedings constituted an insurmountable obstacle to consummation of the transaction between plaintiff and defendant. This defendant denies any obligation to inform plaintiff regarding the latter's obligation under District of Columbia law pertaining to the liquor license of the subject business.

30. This defendant states that plaintiff's counsel's correspondence dated April 17, 2008 speaks for itself.

31. This defendant states that the records of the Superior Court of the District of Columbia speaks for themselves.

32. This defendant denies that he was a party to the Superior Court litigation. This defendant is without knowledge or information regarding representations made to plaintiff by defendant Washington, but denies that defendant Washington made any false representations or warranties to plaintiff with this defendant's knowledge or consent.

33. This defendant states that any written communications between the parties speak for themselves.

34. This defendant admits that a judgment for possession of the subject business premises eventually was entered in favor of the

landlord. This defendant denies material breach of any material representation made to plaintiff.

35. This defendant presently is without knowledge or information as to the amount owed to the District of Columbia by JC, LLC.

36. This defendant states that the subject written instrument speaks for itself.

37. This defendant admits that he has not refunded any sums to plaintiff, but denies any obligation to so refund.

38. This defendant admits that the subject $200,000.00 is not in "escrow," but denies any obligation to escrow said funds. This defendant denies the remaining allegations of Paragraph numbered 38 of the Complaint.

39. Defendant denies plaintiff's allegations regarding industry practices and states that plaintiff's payment of funds to JC, LLC constituted voluntary acts on the part of plaintiff.

40. Paragraph numbered 40 merely incorporates allegations of earlier paragraphs of the Complaint, and this defendant incorporates his earlier responses to said allegations.

41. This defendant denies the allegations of Paragraph numbered 41 of the Complaint.

42. This defendant denies the allegations of Paragraph numbered 42 of the Complaint.

43. Paragraph numbered 43 merely incorporates allegations of earlier paragraphs of the Complaint, and this defendant incorporates his earlier responses to said allegations.

44. This defendant denies the allegations of Paragraph numbered 44 of the Complaint.

45. This defendant denies the allegations of Paragraph numbered 45 of the Complaint.

46. Paragraph numbered 46 merely incorporates allegations of earlier paragraphs of the Complaint, and this defendant incorporates his earlier responses to said allegations.

47. This defendant denies the allegations of Paragraph numbered 47 of the Complaint.

48. This defendant denies the allegations of Paragraph numbered 48 of the Complaint.

49. This defendant denies the allegations of Paragraph numbered 49 of the Complaint.

50. This defendant denies the allegations of Paragraph numbered 50 of the Complaint.

51. This defendant denies making any false representations to plaintiff or to any known agent of plaintiff. This defendant denies that defendant Washington made false representations with this defendant's knowledge or consent.

52. This defendant is without knowledge or information sufficient to form a belief as to the date of acquisition by defendant Washington of knowledge of the status of the subject leasehold or of the landlord's intentions regarding JC, LLC's tenancy.

53. This defendant is without knowledge or information or sufficient to form a belief as to the date of acquisition by defendant

Washington of knowledge of the status of the subject leasehold or of the landlord's intentions regarding JC,LLC's tenancy.

54. This defendant admits that as of February 6, 2008, he was aware that the subject lease was in default. This defendant is not presently able to identify the precise date upon which he learned that the landlord either had or intended to institute possession litigation in the Superior Court. This defendant states that at all relevant times he believed that issues with the landlord could be resolved and that such issues would not constitute an impediment to consummation of the transaction between the parties.

55. This defendant admits that as of February 6, 2008, he was aware that the subject lease was in default. This defendant is not presently able to identify the precise date upon which he learned that the landlord either had or intended to institute possession litigation in the Superior Court. This defendant states that at all relevant times he believed that issues with the landlord could be resolved and that such issues would not constitute an impediment to consummation of the transaction between the parties.

56. The allegations of Paragraph numbered 56 of the Complaint are denied.

57. The allegations of Paragraph numbered 57 of the Complaint are denied.

58. The allegations of Paragraph numbered 58 of the Complaint are denied.

59. The allegations of Paragraph numbered 59 of the Complaint are denied.

60. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph numbered 60 of the Complaint, but denies that defendant Washington made any false representations to plaintiff with this defendant's knowledge or consent.

61. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph numbered 61 of the Complaint, but denies that defendant Washington made any false representations to plaintiff with this defendant's knowledge or consent.

62. The allegations of Paragraph numbered 62 of the Complaint are denied.

63. The allegations of Paragraph numbered 63 of the Complaint are denied.

64. The allegations of Paragraph numbered 64 of the Complaint are denied.

65. The allegations of Paragraph numbered 65 of the Complaint are denied.

66. Paragraph numbered 66 merely incorporates allegations of earlier paragraphs of the Complaint, and this defendant incorporates his earlier responses to said allegations.

67. The allegations of Paragraph numbered 67 of the Complaint are denied.

68. The allegations of Paragraph numbered 68 of the Complaint are denied.

69. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph numbered 69 of the Complaint, but denies that defendant

Washington made any false representations to plaintiff with this defendant's knowledge or consent.

70. This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph numbered 70 of the Complaint, but denies that defendant Washington made any false representations to plaintiff with this defendant's knowledge or consent.

71. The allegations of Paragraph numbered 71 of the Complaint are denied.

72. The allegations of Paragraph numbered 72 of the Complaint are denied.

73. The allegations of Paragraph numbered 73 of the Complaint are denied.

74. The allegations of Paragraph numbered 74 of the Complaint are denied.

75. Paragraph numbered 75 merely incorporates allegations of earlier paragraphs of the Complaint, and this defendant incorporates his earlier responses to said allegations.

76 - 81. The allegations of Paragraphs numbered 76 to 81 of the Complaint do not pertain to this defendant and, accordingly, no response by this defendant is required.

82. The allegations of Paragraph numbered 82 of the Complaint are denied.

83. Paragraph numbered 83 merely incorporates allegations of earlier paragraphs of the Complaint, and this defendant incorporates his earlier responses to said allegations.

84 – 91.   The allegations of Paragraphs numbered 84 to 91 of the Complaint do not pertain to this defendant and, accordingly, no response by this defendant is required.

92.   The allegations of Paragraph numbered 92 of the Complaint are denied.

WHEREFORE, having fully answered the Complaint, defendant prays that the Court dismiss this action and award him his attorney's fees and expenses and costs reasonably incurred herein.

          Respectfully submitted,

          _____
          Stephen J. O'Brien (#204511)
          Mallios & O'Brien
          2600 Virginia Avenue NW
          Suite 1112
          Washington, DC 20037
          (202) 625-7700
          (202) 625-7706 (f)
          sobrien@malliosobrien.com

          Attorney for Defendant Jordan Cappolla

F:\wpdata\MISC\O'Brien\JC LLC (William Sport v Cappolla) Answer 8.25.08.doc